IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**RONALD BENTZ**
1107 KESTRAL COURT
BRADENTON, FL 34208

PLAINTIFF

- VS. -

THOR MOTOR COACH, INC.
C/O CT CORPORATION SYSTEM, S/A
334 NORTH SENATE AVENUE
INDIANAPOLIS, IN 46204

DEFENDANT

CASE NO. 3:25-cv-451

COMPLAINT AND JURY DEMAND

---

**PRELIMINARY STATEMENT**

1. This case is about a defective 2024 Thor Motor Coach Tiburon 24FB Class B recreational vehicle ("RV") that was built and warranted by Thor Motor Coach, Inc. The RV has been riddled with a litany of substantial defects from the very beginning, including a major slide out defect, and despite 5 repair opportunities, Thor Motor Coach, Inc. has failed to repair the RV's substantial defects, including the slide out defect, and the RV is neither fit for recreational use or travel.

2. This case involves claims asserted under the Indiana Uniform Commercial Code and the Magnuson Moss Warranty Act.

3. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states,

invoking 28 USC 1332.

4. The vehicle which is the subject of this dispute was built and warranted by Thor Motor Coach, Inc., in whole or in part, and manufactured in its final form in Indiana; was acquired by Plaintiff in Florida and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by Defendant's authorized dealerships in Florida; Thor Motor Coach, Inc. controlled the speed and processing of warranty repairs and parts distribution from its factory in Indiana; the place where the relationship of the parties arose is both Florida and Indiana, because the warranty obligations of Defendant Thor Motor Coach, Inc. were made by Defendant in Indiana and were received by Plaintiff with the purchase of the subject RV in Florida; and Thor Motor Coach, Inc. advertised and solicited the sale of the RVs which it manufactured, including Plaintiff's RV, in both Florida and Indiana.

## IDENTIFICATION OF PARTIES

5. Ronald Bentz ("Plaintiff" or "Mr. Bentz") is a natural person domiciled in, residing in, and a citizen of Florida, and is a consumer and buyer within the meaning of all applicable laws.

6. Defendant Thor Motor Coach, Inc. ("Defendant" or "Thor Motor Coach") is a Delaware corporation authorized to do business and doing business in Indiana and elsewhere, is a citizen and resident of Indiana, is domiciled in Indiana, has its principal place of business in Elkhart, Indiana, and is a warrantor of an RV that Plaintiff acquired and a supplier and a merchant and a person.

7. The vehicle at issue in this case was manufactured as a complete vehicle in Indiana, for distribution in Florida, and was warranted in whole or part by Thor Motor Coach.

8. The Plaintiff acquired the subject RV from Lazydays RV, in Seffner, Florida, Lazydays RV performed any pre-sale and date of sale warranty repairs on the RV, and Plaintiff presented

the subject RV to Lazydays RV for repairs under the Thor Motor Coach warranty. At all times relevant, Lazydays RV was a supplier, merchant and an authorized representative and agent of Thor Motor Coach for the sale and servicing of Thor Motor Coach products. At all times relevant, Lazydays RV was authorized by Thor Motor Coach to act for it as its authorized agent and representative in Florida in all respects related to the sale of the vehicle involved in this case and the attempted performance of warranty repair and service work upon the subject RV.

**FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT**

8. This case involves a defective 2024 Thor Motor Coach Tiburon 24FB RV that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or warranty contract Defendant breached.

9. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

10. This claim is for breach of warranty and/or contract by Defendant in Florida and/or Indiana.

11. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiff.

12. At all times relevant, Lazydays RV was a supplier and merchant and an authorized representative and agent of Defendant. Lazydays RV was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Plaintiff acquired the subject RV from Lazydays RV.

13. At all times relevant, RV Guru was authorized to perform warranty repairs to the RV's slide

out motors and awning brackets under the Thor Motor Coach warranty.

14. On or about January 17, 2024 the parties entered into a consumer transaction, in that Plaintiff agreed to acquire from the Dealer, and Defendant contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2024 Thor Motor Coach Tiburon 24FB RV believed to bear VIN # W1X8N33Y3PN240468, and whose total cost was about $161,983.36.

15. Plaintiff acquired the vehicle in reliance on the existence of a written warranty and/or warranty contract from Defendant and on advertising representations and/or warranties of Defendant.

16. The purpose of Defendant's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiff confidence in the reliability and quality of the RV, and (c) to give Plaintiff confidence in Defendant's representations about the subject vehicle and the vehicles Defendant designed and built, and (d) to give Plaintiff confidence in Defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

17. After acquiring the vehicle, Plaintiff discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems.

18. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Thor Motor Coach, Inc., included, but are not limited to: Entrance door bottom pass lock is broken- cannot put key in it, Hood need re-aligned on Passenger Side next to windshield, Gen shows low oil but customer added oil and light came back on, Jack needs

calibrated, rear is higher then front, Emergency brake released and ignition off brake light comes off & on, Small table straps are broken in bathroom closet left side, Awning not closing all the way on rt side, Left side of awning lights have lights burnt out, Passenger Side rear compartment door drags at bottom left in trying to close, Driver Side 2nd compartment right side is not level w panel to its right and drops a lot lower than the left when closed, Slide Out Issues, Awning light strip will not turn off, Fault code panel for awning lights, and more.

19. Defendant was notified of defects and non-conformities in the vehicle and the authorized repair facility's failed repair attempts repeatedly prior to filing this case.

20. In all respects, Plaintiff substantially if not completely performed her obligations under the RV's warranty from Thor Motor Coach and Thor Motor Coach did not perform its obligations, as set forth herein above and below.

21. Because of the contract and/or warranty-covered defects, Plaintiff notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

22. On or about March 23, 2024, Mr. Bentz reached out to Thor Motor Coach regarding the awning bracket on the unit being broken, Thor Motor Coach opened Case Number CAS 210961 L7VTB, and sent Mr. Bentz the replacement part to have the vehicle repaired.

23. Mr. Bentz reached out to Thor Motor Coach regarding the issues with the slide out motors, Thor Motor Coach opened Case Number CAS 219257 R2T4K4, and Thor Motor Coach sent Mr. Bentz the slide motors to be replaced. On or about June 6, 2024, Mr. Bentz contacted RV Guru, LLC, a mobile repair service, to come to his location and to replace the

2 slide out motors that needed to be replaced. Additionally, during this repair, RV Guru also replaced the awning bracket Thor Motor Coach had sent to Mr. Bentz, but the repair was not included on the work order. This service call cost Mr. Bentz $682.13 out of his own pocket, which was later reimbursed by Thor Motor Coach under its warranty.

24. On or about September 8, 2024, Mr. Bentz contacted another mobile RV repair company, Baba's Ol' Garage because the RV's slide out would not retract, and the mobile RV repair company discovered that there was a voltage issue and that the slide out was rubbing against the slide motor.

25. On or about September 16, 2024, Mr. Bentz presented the RV to Lazydays RV in Seffner, Florida, for 75 days for repair of the following defects under the Thor Motor Coach warranty:

- Slide out having issues;
- Entrance door bottom pass lock is broken, cannot put key in it;
- Hood need re-aligned on Passenger Side next to windshield;
- Gen shows low oil but cust added oil and light came back on;
- Jack needs calibrated, rear is higher then front;
- Emergency brake released and ignition off brake light comes off & on;
- Small table straps are broken in bathroom closet left side;
- Awning not closing all the way on right side;
- Left side of awning lights have lights burnt out;
- Passenger Side rear compartment door drags at bottom left in trying to close;
- Driver Side 2nd compartment right side is not level w panel to its right and drops a lot lower than the left when closed.

26. On or about December 6, 2024, just 7 days later, Mr. Bentz again presented the RV to Lazydays RV for repair of the following defects under the Thor Motor Coach warranty:

- Slide out having issues;
- Awning light strip will not turn off;
- Fault code on panel for awning lights.

27. On or about February 17, 2025, Lazydays RV contacted Mr. Bentz and told that the RV was ready for pickup. But, when he arrived at the dealership, Mr. Bentz attempted to open the

malfunctioning slide out and discovered that the slide out had not been repaired.

28. On or about February 17, 2025, Mr. Bentz left the RV to Lazydays RV for repair of the following defect under the Thor Motor Coach warranty:

- Slide out having issues.

29. The RV was out of service for 152 days during the first year and during Thor Motor Coach' warranty.

30. Prior to filing this case, including on March 3, 2025 and one or more other dates, Plaintiff provided notice to Defendant about its failures to live up to its warranty and/or warranty contract.

31. Plaintiff had numerous telephone calls and emails with Defendant Thor Motor Coach and its authorized dealers and/or other entities asking for help with the RV and during most if not all of these, Plaintiff was in Florida, and Defendant Thor was in Indiana.

32. After the RV was in the repair shop 5 times for repair of over 15 defects and out of service a total of about 152 days:

a. Plaintiff requested that an independent repair shop of her choice repair the defects and have Defendant Thor Motor Coach pay it for the repairs, but the independent repair shop would not do that; and

b. Plaintiff notified Defendant Thor Motor Coach that the RV's defects were incurable and she wanted Defendant Thor to pay her diminished value damages, but the Defendant Thor would not do that.

33. In spite of Defendant Thor Motor Coach's obligations, when Plaintiff complained of the inability of Defendant Thor Motor Coach and its authorized dealerships to repair the vehicle, Defendant Thor Motor Coach did not repair or replace or repurchase the subject

vehicle or pay diminished value damages.

34. Instead of performing as represented, Defendant Thor did not repair all defects in the vehicle once and for all time. In short, the defects were not repaired, Plaintiff lost all confidence in the reliability and quality of the RV, and Plaintiff lost all confidence in Thor as a company.

35. As a result Defendant Thor Motor Coach breached its express and/or implied warranties and/or contract.

36. As a result, Defendant Thor Motor Coach's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiff are entitled to all applicable legal and equitable remedies in law.

37. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiff are entitled to all applicable legal and equitable remedies in law.

38. Through its advertising and otherwise, Defendant Thor Motor Coach represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiff acquired the vehicle in reliance upon the belief that Defendant Thor possessed a high degree of manufacturing skill and judgment.

39. Through its advertising and otherwise, Defendant Thor Motor Coach represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiff relied on such, but the vehicle involved in this case was not, however, of merchantable quality.

40. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiff.

41. Defendant Thor Motor Coach's failure to timely fix all of the vehicle's defects has caused Plaintiff to lose confidence in the reliability of the subject motor vehicle and in the ability of Defendant Thor to repair the vehicle's defects.

42. Plaintiff provided Defendant Thor Motor Coach and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

43. As a result of the above facts, Defendant Thor Motor Coach breached its warranties and/or contract and/or representations with respect to the vehicle.

44. One or more of the defects and malfunctions in the vehicle were covered under the terms of Defendant Thor Motor Coach's warranties and/or contract, and Defendant Thor Motor Coach failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle.

45. Defendant Thor Motor Coach and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject motor vehicle within a reasonable time.

46. Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant Thor Motor Coach's authorized representatives to repair or replace the vehicle or refund its price or pay diminished value damages.

**SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT**

47. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

48. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

49. As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations.

50. As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

51. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

**PRAYER FOR RELIEF**

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of

acquiring the RV, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

**ALTERNATIVE PRAYER FOR RELIEF**

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiff to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

**JURY DEMAND**

Plaintiff demands trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells________________

ELIZABETH AHERN WELLS
Attorney for Plaintiff
8250 Washington Village Drive
Dayton, Ohio 45458-1850
Telephone: 937.432.9500
Fax: 937.432.9503
Email: Beth@BurdgeLaw.com

Z:\data\Bentz, Ronald\Core Pleadings\CORE Complaint Revised 052025 bw.wpd